966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin ARTHUR, Defendant-Appellant.
 No. 91-3354.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1992.*
Decided June 15, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 On February 20, 1991, police officers in the Racine, Wisconsin, Police Department received a Criminal Information Bulletin implicating Melvin Arthur in incidents of witness intimidation, as well as reporting that Arthur was currently planning a retaliatory gang-related shooting. The bulletin warned that the identified persons had past records of violence and/or weapons violations and concluded: "EXTREME CAUTION IS URGED if contact is made with any of the individuals mentioned in this bulletin." (emphasis in original).
 
 
 2
 On March 1, 1991, police officers received a report that several men were banging on the door of a residence and that one person was thought to have a gun. When the officers responded, they observed three men walking away from the scene and entering a house approximately one block away. After talking to the complainant, the officers learned that Arthur, Bernard Price and Tyrone Malone were involved in the incident. Several officers walked over to the house which the men entered. Officer Eric Thill ran a license plate check on a car that was parked in front of the home and discovered that the vehicle belonged to Price. The officers decided not to go to the house to investigate the incident, electing instead to undertake surveillance of the area.
 
 
 3
 Detective Mark Tharinger heard of the incident over his police radio. Purportedly because of his past experienced involving Arthur, he drove to the scene and parked his vehicle so that he could observe the Price car. He contacted Officer Thill when he noticed that the Price car was leaving the area. Thill testified that he pulled over the Price vehicle so that he could investigate the earlier disturbance. When asking Price for his driver's license, he recognized Arthur, who was sitting in the back seat, from the crime bulletin. Fearing for his own safety as well as the safety of the officers who arrived at the scene, he opened the back car door, and asked Arthur to step out of the car. As Arthur was doing so, Thill noticed a gun located on the seat directly beneath where Arthur was sitting. This incident resulted in Arthur's arrest and conviction for the possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).
 
 
 4
 Arthur claims that the seizure of his person occurred in violation of the Fourth Amendment, requiring suppression of the gun as a fruit of that illegal seizure. He does not challenge the constitutionality of the stop, but argues that, in light of all the circumstances, Officer Thill lacked an articulable suspicion justifying the request for the pat-down search. We disagree.
 
 
 5
 [T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.
 
 
 6
 Terry v. Ohio, 392 U.S. 1, 27 (1968). The Supreme Court recently reaffirmed the validity of a the protective sweep in Maryland v. Buie, 110 S.Ct. 1093, 1097 (1990).
 
 
 7
 We believe that the Criminal Information Bulletin disseminated to the officers justified Officer Thill's actions. The district court properly denied Arthur's motion to suppress the seizure of the gun. Arthur's conviction is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record